IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC GARFIELD WILLIAMS,

        Plaintiff,                    No. CIV S-07-0100 LKK EFB PS

    vs.

SEAN KENNEY, et al.,

        Defendants.            ORDER AND FINDINGS
                                                 AND RECOMMENDATIONS

        This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On February 22, 2007, this court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismissed the complaint with leave to amend. Plaintiff filed an amended complaint on March 27, 2007.

        Plaintiff alleges that on July 15, 2006, he was stopped by Vallejo Police Officers Sean Kenney, Kent Tribble, Cpl. Botello and other unidentified officers. Plaintiff alleges that the named defendants used excessive force in handcuffing him and physically assaulted him. Plaintiff further alleges that the officers took him to a hospital where they continued to harass and assault him. Plaintiff alleges that defendants "negligently, wrongfully and intentionally used excessive force and/or incorrectly applied force resulting in severe 'permanent' physical and

1

mental injuries." Second Amended Complaint ("SAC"), at 10:7-9.[1]  Plaintiff appears to bring this excessive force claim pursuant to 42 U.S.C. § 1983.  *See* FAC, at 8:36-38.

Pro se pleadings are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  Rule 8 of the Federal Rules of Civil Procedure sets forth general rules of notice pleading in the federal courts. Rule 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.*  With these standards in mind, the court finds that plaintiff has sufficiently plead a claim against individual defendants Sean Kenney, Kent Tribble, and Cpl. Botello of the Vallejo Police Department.

However, plaintiff also seeks to name as defendants the City of Vallejo and the Vallejo Police Department.  As explained in this court's February 22, 2007, order, there is no respondeat superior liability under § 1983.  Accordingly, municipalities (and their departments) may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort.  *See Mt Healthy City School Dist Board of Education v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Haugen v. Brosseau*, 351 F.3d 372, 393 (9th Cir. 2003) (granting summary judgment to city and city police department under *Monell*).  "A local government entity cannot be held liable under § 1983 unless the plaintiff alleges that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized [governmental] policy." *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996) (citation and quotations omitted) (alteration in original).  "[L]ocal governments, like any other § 1983 'person,' . . . may be sued for constitutional deprivations visited pursuant to

---

[1] The court notes that prior to its February 22, 2007, order granting plaintiff "ifp" status, plaintiff filed a first amended complaint.  The court reviewed that complaint pursuant to 28 U.S.C. § 1915(e)(2), and directed plaintiff to file a second amended complaint.

governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell*, 436 U.S. at 690-91.

In the Second Amended Complaint, plaintiff has failed to allege the existence of any official policy or custom on the part of the City of Vallejo or its police department in connection with his excessive force claims.  Plaintiff does make allege that these defendants have an obligation to "exercise reasonable care in the evaluation, hiring, employment, training, supervision, and retention of personnel that would be permitted to act as police officers and use force on suspects and other's [*sic*] with whom they may come into contact with."  SAC, at 10:17-25.  However, he does not allege that either defendant failed to adequately train or supervise the individually named officers.  Municipalities may be sued under § 1983 for inadequate training and supervision "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Here, plaintiff has made no allegation that the Vallejo defendants failed to adequately train its police officers or that such failure amounted to deliberate indifference to his constitutional rights. Accordingly, he has failed to state a claim against these defendants under § 1983, and the undersigned recommends that defendants City of Vallejo and the Vallejo Police Department be dismissed from this action.

However, the court finds that the allegations in the second amended complaint are sufficient at least to state cognizable claims against defendants Sean Kenney, Kent Tribble, and Cpl. Botello.

Accordingly, IT IS ORDERED that:

1. With this order, the Clerk of the Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

2. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, a copy of the complaint, a form for consent to a magistrate judge, and this court's status order.

////

3. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process. Plaintiff is advised that the court anticipates that, to effect service, the U.S. Marshal will require at least:

    a. One completed summons;

    b. One completed USM-285 form for each defendant (defendants Sean Kenney, Kent Tribble, and Cpl. Botello);

    c. A copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's status order for each defendant.

4. The U.S. Marshal is directed to serve process and a copy of this court's status order, within ninety days of receipt of the required information from plaintiff, without prepayment of costs. In the event the U.S. Marshal is unable, for any reason whatsoever, timely to effectuate service on any defendant, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

Further, IT IS RECOMMENDED that Defendants City of Vallejo and the Vallejo Police Department be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

4

1 | 951 F.2d 1153, 1157 (9th Cir. 1991).

2 | DATED: May 23, 2007.

```
                                    /s/ Edmund F. Brennan
                                    _____
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE
```