IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC GARFIELD WILLIAMS,

    Plaintiff,                        No. CIV S-07-0100 LKK EFB PS

    vs.

SEAN KENNEY, KENT TRIBBLE, CPL. BOTELLO,

    Defendants.                  ORDER

       On September 29, 2008, this court issued an order adopting the findings and recommendations filed by the magistrate judge. The court hereby vacates that order and reopens the case to acknowledge and consider all of plaintiff's papers filed after entry of the findings and recommendations.

       The magistrate judge filed findings and recommendations on August 12, 2008, which were served on the parties and contained notice that any objections were to be filed within ten days. The only timely response was plaintiff's request filed August 15, 2008 that this action be stayed due to his personal circumstances including incarceration and pursuit of other cases. For the reasons set forth in the findings and recommendations and approved herein, plaintiff's request will be denied as moot since this case will be stayed pursuant to 11 U.S.C. § 362 due to the pending bankruptcy petition of third-party City of Vallejo.

////

1

1     On September 25, 2008, plaintiff filed untimely objections to the magistrate judge's
2 findings and recommendations, a declaration seeking the disqualification of the magistrate judge,
3 and a notice of related cases. Although untimely, the court in its discretion addresses each of
4 these matters in turn.
5     This court reviews de novo those portions of the proposed findings of fact to which
6 objection has been made. 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore
7 Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982). The
8 court has reviewed plaintiff's numerous challenges to the court's factual recitation and finds
9 them without merit. The court's recitation substantially reflects the factual allegations of
10 operative complaint.[1] As to any portion of the proposed findings of fact to which no objection
11 has been made, the court assumes its correctness and decides the motion on the applicable law.
12 See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).
13     Plaintiff's legal challenges – which essentially attempt to try the case at this juncture and
14 on the papers – are similarly without merit. The magistrate judge's conclusions of law are
15 reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.
16 1983). The court has reviewed the applicable legal standards and finds them appropriately cited
17 and relied upon.
18     Next, plaintiff seeks to disqualify the magistrate judge on the ground that he has
19 "prejudged the merits of the case." A judge is required to disqualify himself if his impartiality
20 might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice

---

[1] For example, plaintiff asserts the magistrate judge erred in stating that plaintiff "pulled his vehicle to the left shoulder," Findings and Recommendations, at 2:10, asserting it should read "right shoulder;" however, the operative Second Amended Complaint references in pertinent part "left shoulder." See SAC at 9:9. Similarly, plaintiff challenges the magistrate judge's finding that plaintiff "fail[ed] to offer evidence disputing Officer Kenney's averment that plaintiff was swerving." Findings and Recommendations, at 8:12-13. Plaintiff's challenge underscores the accuracy of the magistrate judge's finding, viz., that plaintiff "does not attest to the fact of placing his safety signal on and making the appropriate driving motion based on 30 plus year[s] of driving to include numerous military and civillian [sic] evasive maneuring [sic] classes." SAC at 7:6-9.

against a party, 28 U.S.C. § 455(b)(1). The test for disqualification is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. United States v. Winston, 613 F.2d 221, 222 (9th Cir. 1980). Evaluated under this objective standard, plaintiff's "Declaration of Disqualification" fails to identify any objective evidence demonstrating personal bias or lack of impartiality on the part of the magistrate judge. Accordingly, plaintiff's request for disqualification will be denied and the court will adopt the magistrate judge's findings and recommendations.

Significantly, plaintiff's myriad challenges to the magistrate judge's findings and conclusions appear to miss the reality that the magistrate judge recommended denial of defendants' motion for summary judgment, and thus that this case will go forward on the merits after the stay is lifted.

Finally, plaintiff asserts that the instant case is related to several other cases pending in the California courts (and thus not meeting the threshold criteria for relating only cases that are pending within this court, see E. D. Cal. L. R. 83-123), and a habeas action pending in this court, Williams v. Solano County Superior Court, Civ. No. S-08-1966 GEB DAD PS. Examination of the latter case demonstrates it too is unrelated to the instant case. The instant case is a civil rights challenge against the named defendants in pursuing and arresting plaintiff on July 15, 2006; the habeas action challenges plaintiff 's June 6, 2008 conviction based on ineffective assistance of counsel for failure to introduce evidence of plaintiff's physical disabilities. These cases do not involve the same parties, nor are they based on the same or similar claims, same property, transaction or event, similar questions of fact, or the same question of law. Cf., E. D. Cal. L. R. 83-123 (a). Therefore, plaintiff references no cases that should at this time be related to the instant case.

////

////

////

Accordingly, good cause appearing, the court concludes that it is appropriate to adopt in full the proposed Findings and Recommendations, and HEREBY ORDERS that:

1. The September 29, 2008, order adopting the magistrate judge's findings and recommendations is vacated;

2. Plaintiff's request for a stay of this action is DENIED as moot;

3. Plaintiff's request that the magistrate judge be disqualified is DENIED;

4. The proposed Findings and Recommendations filed August 12, 2008, are RE-ADOPTED;

5. Defendants' motion for summary judgment is DENIED;

6. This action is STAYED pursuant to Chapter 9 of the United States Bankruptcy Code, 11 U.S.C. § 362(a); and

7. This case shall not at this time be related to any other cases.

DATED: September 30, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT